E-FILED
Monday, 05 May, 2008 03:54:27 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

DONNA KAY BALES, Independent Executor of the Estate of Jack A. Bales, deceased )
)
Plaintiff, )
)
v. ) No.
)
UNITED STATES OF AMERICA, )
)
Defendant. )

# COMPLAINT

Donna Kay Bales, Independent Executor of the Estate of Jack A. Bales, by and through her attorneys, Rapoport Law Offices, P.C., in support of this complaint against the United States of America states the following:

## Jurisdiction and Venue

1. This case arises out of an vehicular crash which occurred on 1900 North near 3700 East Road, in Anchor, Illinois, on April 30, 2007.

2. On October 16, 2007, Plaintiff presented a claim to the United States Postal Service pursuant to 28 U.S.C. § 2675(a).

3. The agency did not make a final disposition of the claim within six months.

4. This court has federal jurisdiction pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 2674.

5. The acts and omissions giving rise to this lawsuit occurred in this judicial district in McLean County, making venue appropriate pursuant to 28 U.S.C. § 1402(b).

**COUNT I**

**(Wrongful Death)**

1. On October 2, 2007, the probate court in McClean County, Illinois, issued an order to the plaintiff appointing her to serve as the independent executor of decedent's estate for Jack A. Bales, her deceased husband.

2. Jack A. Bales died on May 1, 2007, as a result of injuries he suffered in a vehicular collision on April 30, 2007, in the eastbound lane on 1900 North near 3700 East Road, Anchor, Illinois. At the time of the crash Jack Bales was traveling on his son's lawn tractor.

3. The collision was caused by negligent operation of a 1997 White Buick LeSabre owned by Kenneth Hilgemann.

4. Kenneth Hilgemann was in the scope of his employment as a mail carrier for the United States Postal Service at the time of the collision.

5. At all relevant times Kenneth Hilgemann was acting in the scope of an agency relationship with the United States of America.

6. The United States of America is liable for the conduct of Kenneth Hilgemann's conduct on April 30, 2007, while operating his vehicle.

7. It was the duty of the United States of America and its agent Kenneth Hilgemann to exercise reasonable care under the circumstances to protect the safety of Jack A. Bales and others. In violation of this duty Kenneth Hilgemann:

a) negligently, carelessly and improperly drove the 1997 White Buick LeSabre at a high rate of speed into the rear of the lawn tractor;

b) negligently, carelessly and improperly failed to stop the 1997 White Buick LeSabre in sufficient time to avoid a collision; and

c) negligently, carelessly and improperly failed to keep a proper lookout.

8. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions, Jack A. Bales suffered a severe injuries resulting in his death.

Wherefore, it is respectfully requested that judgment be entered in favor of Donna Kay Bales, Independent Executor of the Estate of Jack A. Bales and against the United States of America for all damages allowed by law as a result of Jack A. Bales' wrongful death.

**COUNT II**

**(SURVIVAL ACTION)**

9. The plaintiff incorporates paragraphs one through eight by reference.

10. As a direct and proximate result of one or more of the acts of negligence set forth in paragraph eight, Jack A. Bales suffered serious injuries of a personal and pecuniary nature before he died.

Wherefore, it is respectfully requested that judgment be entered in favor of Donna Kay Bales, Independent Executor of the Estate of Jack A. Bales and against the United States of America for all damages allowed by law incurred by Jack A. Bales before he died.

DONNA KAY BALES, Independent Executor
of the Estates of Jack A. Bales,

By: s/ Paul D. Richter
One of the Plaintiff's Attorneys

David E. Rapoport, #06181294
Paul D. Richter, #06237965
Rapoport Law Offices, P.C.
20 North Clark Street, Suite 3500
Chicago, IL 60602
(312) 327-9880
(312) 327-9881 (fax)
prichter@rapoportlaw.com