## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| DONNA K. BALES, Independent Executor of the Estate of Jack A. Bales, Deceased, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. ) | Case No.   08-cv-1106 |

## O R D E R  &  O P I N I O N

Before the Court are Plaintiff's Motion in Limine to Bar Evidence and Argument Concerning Kenneth Hilgemann's Traffic Citation (Doc. 16) and Plaintiff's Designations of Testimony from Deposition of Kenneth Hilgemann (Doc. 17).  This matter is set for a bench trial on Monday, December 14, 2009, at 9:00 A.M. before Judge Joe Billy McDade in Peoria.  For the reasons stated below, Plaintiff's Motion in Limine is denied, and the entirety of Mr. Hilgemann's deposition will be viewed at trial.

### MOTION IN LIMINE

Plaintiff requests that the Court bar all evidence and argument at trial concerning Mr. Hilgemann's traffic citation and subsequent acquittal by a jury of the traffic offense of failure to reduce speed in the accident at issue in this case. (Doc. 16).  Plaintiff asserts that the disposition of Mr. Hilgemann's citation is irrelevant to this matter, and thus should be excluded under Federal Rules of

Evidence 401-403.[1]  In support of this argument, Plaintiff cites <u>Davidson v. Meier</u>, which holds that, under Illinois law, evidence showing that a defendant had been issued a traffic citation that was later dismissed is inadmissible.[2]  376 N.E.2d 799, 803 (Ill. App. 1978).

In response, Defendant argues that its Exhibit 9, which is the certified copy of the citation and docket sheet from the traffic proceeding, is a public record under seal and is thus self-authenticating under Rule 902.[3]  Defendant argues that Exhibit 9 is relevant only if Plaintiff presents evidence of Mr. Hilgemann's traffic

---

[1]   Plaintiff cites Federal Rules of Civil Procedure 401, 402, and 403, rather than the Federal Rules of Evidence.  (Doc. 16 at 2).  However, as there are no Federal Rules of Civil Procedure with these numbers, and as Plaintiff speaks of "relevance," the Court will assume that this is a typographical error and that Plaintiff intends to refer to the Federal Rules of Evidence.

[2]   Defendant distinguishes this case from the present one, as it involved a traffic case that was dismissed, rather than one in which a jury acquitted the defendant.  However, it appears that this effort was unnecessary, as the rule would not prevent the admission of information relating to Mr. Hilgemann's traffic citation.
   The Court notes that, as the parties appear to recognize, the Federal Rules of Evidence, rather than Illinois' evidence law, apply to this case.  Therefore, <u>Davidson</u> is not controlling as a rule of evidence on the point of whether the traffic case information should be admitted.  However, Plaintiff may be citing <u>Davidson</u> for the proposition that the facts underlying the traffic acquittal are not substantively relevant to the issue of whether Mr. Hilgemann was negligent, and the Court will read it in that light.  <u>See</u> <u>Barron v. Ford Motor Co. of Canada Ltd.</u>, 965 F.2d 195, 198-200 (7th Cir. 1992).  Here, <u>Davidson</u> does not require the Court to exclude the admission of Defendant's Exhibit 9, as Defendant would not be offering Exhibit 9 in order to disprove any elements of Plaintiff's case.

[3]   The Court's present ruling assumes that a "docket sheet" indicates the report from the Illinois court reflecting the events of the traffic case and its disposition (which is how the term is used in this Court), and does not include the transcript of the traffic case.

2

citation,[4] in which case it should be admitted to prevent a "false impression that would be unfairly prejudicial."

The Court agrees that, if Plaintiff presents evidence or argument concerning Mr. Hilgemann's traffic citation, the admission of Exhibit 9 is necessary to dispel the false impression that may arise from the introduction of evidence the Mr. Hilgemann was issued a traffic citation. Exhibit 9, as described by Defendant, is a public record and is thus admissible. FED. R. EV. 803(8) & 902(1), (4). Therefore, if Plaintiff puts on evidence or argument that Mr. Hilgemann was issued a traffic citation, Defendant may introduce Exhibit 9 in order to rebut the implication that Mr. Hilgemann was found guilty of the traffic offense.

In addition, Plaintiff asserts that Defendant plans to offer evidence of testimony from the traffic proceeding, and that such evidence would be inadmissible hearsay in this matter under Rules 801 and 802. Defendant's exhibit list contains no exhibit that would include testimony from the traffic proceeding. Therefore, this issue is moot.

## DEPOSITION DESIGNATIONS

Plaintiff has submitted designations of portions of Mr. Hilgemann's deposition to be introduced into evidence at trial, in lieu of his in-person testimony.[5] (Doc. 17). Defendant notes that these designations exclude portions of the

---

[4] Defendant does not ask that evidence of Mr. Hilgemann's traffic citation be excluded altogether, and therefore the Court will not presently rule on the relevance of such evidence.

[5] Mr. Hilgemann suffers from health problems that have removed his ability to speak, as well as impaired his vision and hearing. Therefore, the parties agreed that at least some portions of a video deposition of Mr. Hilgemann would be used at trial. (Doc. 20 at 1-2).

3

deposition, including defense counsel's cross-examination of Mr. Hilgemann. (Doc. 20). Defendant asks that the Court view the entire video of Mr. Hilgemann's deposition at trial, rather than just selected portions. Defendant states that, because of Mr. Hilgemann's communicative limitations, it will be easier for the Court to view the video deposition rather than rely on a transcript. It will be more efficient, Defendant asserts, for the Court to view the deposition as a whole, rather than to try to stop and start it according to Plaintiff's designations. Further, Defendant argues, the entire deposition will present a more complete version of the evidence than would be provided by only Plaintiff's designated portions.

The Court agrees that the videographed form of the deposition is the most efficient way to hear Mr. Hilgemann's testimony, and that both efficiency and the doctrine of completeness require that it view all admissible portions of Mr. Hilgemann's deposition. The deposition appears to have been just over two hours long. During the video, both Plaintiff and Defendant may object to any portions of the deposition that they believe are inadmissible, and the Court will be able to rule on the objections at that time.[6] As this is a bench trial, the Court need not be concerned about protecting the jury from hearing inadmissible questions or testimony. Therefore, the videographed deposition of Mr. Hilgemann will be viewed in its entirety by the Court at trial.

---

[6] Plaintiff included a condensed transcript of Mr. Hilgemann's deposition as an exhibit to her deposition designations. (Doc. 17, Ex. A). The Court notes that there is reference in the deposition to Mr. Hilgemann's traffic case. (Doc. 17, Ex. A at 66:3-67:8). Though, as the Court has noted, the disposition of the traffic case is relevant if Plaintiff puts on evidence of the traffic citation, Mr. Hilgemann's testimony on that point is inadmissible hearsay if offered to prove that Mr. Hilgemann was acquitted of the charge.

4

IT IS THEREFORE ORDERED:

1.   Plaintiff's Motion in Limine (Doc. 16) is DENIED. If evidence or argument from Plaintiff that Mr. Hilgemann was issued a traffic citation is admitted, Defendant may introduce the evidence listed in Defendant's Exhibit List as Exhibit 9.

2.   The videographed deposition of Mr. Hilgemann WILL be viewed in its entirety by the Court at trial. The parties may voice their particular objections during the viewing.

Entered this <u>10th</u> day of December, 2009.

                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                            United States District Judge